**The document below is hereby signed.**

**Dated: June 27, 2012.**



_____
S. Martin Teel, Jr.
U.S. Bankruptcy Judge

```
             UNITED STATES BANKRUPTCY COURT
              FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
                               )    Case No. 12-00039
BHI INTERNATIONAL, INC.,       )    (Chapter 11)
                               )
          Debtor.              )
_____)
                               )
                               )
BHI INTERNATIONAL, INC.,       )
                               )
          Plaintiff,           )    Adversary Proceeding No.
                               )    12-10027
     v.                        )
                               )
HORIZON HILL JEFFERSON         )    Not for publication in
CONDOMINIUM, LLC, et al.,      )    West's Bankruptcy Reporter.
                               )
          Defendants.          )
```

<u>MEMORANDUM DECISION AND ORDER DENYING MOTIONS FOR CONSOLIDATION</u>

The debtor has filed motions to consolidate this adversary proceeding, asserting claims against two creditors for breach of contract, with one of those creditors' motion for relief from the automatic stay and with the debtor's objections to those creditors' proofs of claim. The motions will be denied.

I

A decision on a motion to lift the automatic stay does not involve an adjudication of a debtor's counterclaims against the creditor that is seeking stay relief. *See Nat'l Westminster Bank, U.S.A. v. Ross*, 130 B.R. 656, 670 (S.D.N.Y.), *aff'd Sub nom.*, *Yaeger v. Nat'l Westminster,* 962 F.2d 1 (2d Cir. 1992). Similarly, a lift stay motion does not adjudicate the debtor's objections to the creditors' claims based on those counterclaims (here, breach of contract claims).

This is because the hearing on a motion for relief from stay is meant to be a summary proceeding, and 11 U.S.C. § 362(e) requires the bankruptcy court's action to be quick, and thus does not result in a binding adjudication of issues of title, the effectiveness of liens, or the validity of the debtor's counterclaims. *In re Vitreous Steel Prods. Co.*, 911 F.2d 1223, 1232 (7th Cir. 1990);[1] *see also In re Mullarkey*, 536 F.3d 215 , 226 (3d Cir. 2008). A hearing on a motion for relief from stay is "analogous to a preliminary injunction hearing, requiring a speedy and necessarily cursory determination of the reasonable likelihood that a creditor has a legitimate claim or lien as to a

---

[1] Section 362(e) requires a bankruptcy court to hold a preliminary hearing on a motion to lift the stay within thirty days from the date the motion is filed, or the stay will be considered lifted. A final hearing must be commenced within thirty days after the preliminary hearing. *In re Vitreous Steel*, 911 F.2d at 1232 (citing Fed. R. Bankr. P. 4001(a)(2)); see 11 U.S.C. § 362(e).

2

debtor's property."  *Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, 34 (1st Cir. 1994) (footnote omitted).

Accordingly, breach of contract claims like those asserted by the debtor in this adversary proceeding are not to be addressed in a plenary fashion in a hearing on a motion for relief from the automatic stay.  *See In re Vitreous Steel*, 911 F.2d at 1232 (questions of the validity of liens are not at issue in a § 362 hearing, but only whether there is a colorable claim on property); *In re Johnson*, 756 F.2d 738, 740 (9th Cir. 1985) (relief from stay hearings are limited in scope to adequacy of protection, equity, and necessity to an effective reorganization, and validity of underlying claims is not adjudicated).

Nevertheless, although the debtor's claims asserted in this adversary proceeding will not be adjudicated in the lift stay hearing, if they directly affect the creditor's right to proceed with foreclosure, some courts hold that such claims can be addressed to determine whether the debtor has raised a colorable defense to the creditor's right to proceed with foreclosure.  *See In re Pappas*, 55 B.R. 658, 660-61 (Bankr. D. Mass. 1985) (in relief from stay proceedings trustee's counterclaims may be considered, although not adjudicated in a binding fashion). Similarly, other courts take the view that a claim that directly relates to the amount of the creditor's claim can be heard in a lift stay proceeding.  *See, e.g., In re Franklin Equip. Co.*, 416

B.R. 483, 504-505 (Bankr. E.D. Va. 2009).  But other courts take the more restrictive view that relief from stay hearings are "limited to issues of the lack of adequate protection, the debtor's equity in the property, and the necessity of the property to an effective reorganization.  Hearings on relief from the automatic stay are thus handled in a summary fashion.  The validity of the claim or contract underlying the claim is not litigated during the hearing."  *In re Johnson*, 756 F.2d at 740 (internal citations omitted); *In re Aniel*, 427 B.R. 811 (Bankr. N.D. Cal. 2010).  Nevertheless, even if this court were to follow the more liberal view, the court's determination would not be a binding determination as to the claims the debtor asserts.[2]  As observed in *Simpson v. Suntrust Mortg., Inc. (In re Hurst)*, 409 B.R. 79, 83 (Bankr. D. Md. 2009):

> While a court may consider counterclaims that strike at the core of a movant's secured interest, any such decision should only be preliminary, pending an adversary proceeding. *See, e.g., Oneida Motor Freight, Inc. v. United Jersey Bank (In re Oneida Motor Freight, Inc.)*, 848 F.2d 414, 418-19 (3d Cir. 1988); *Matter of Shehu*, 128 B.R. 26, 29 (Bankr. D. Conn. 1991); *In re Tally Well Serv., Inc.*, 45 B.R. 149, 151-52 (Bankr. E.D. Mich. 1984).

Accordingly, because the adversary proceeding will require a plenary, not a summary, determination of the parties' rights, it

---

[2]  The court can decide in the lift stay hearing whether the claims asserted in this adversary proceeding directly affect the secured creditor's claim, and decide whether that makes them worthy of consideration in a summary fashion at the lift stay hearing.  There is no need to opine on that now.

is inappropriate to consolidate the adversary proceeding and the motion for relief from the automatic stay.

## II

The debtor also requests that the adversary proceeding and the objections to claims be consolidated. It is easier to defer any hearing on the objections to claims, to let this adversary proceeding play out, and then enter an order as to the claims that is consistent with the outcome of the adversary proceeding. There is no need for a formal consolidation of the matters.

## III

In light of the foregoing, it is

ORDERED that the debtor's motions for consolidation (Dkt. Nos. 2 and 7) are DENIED.

[Signed and dated above.]

Copies to: All counsel of record.

5