**The document below is hereby signed.**

**Dated: August 27, 2012.**



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
                UNITED STATES BANKRUPTCY COURT
                 FOR THE DISTRICT OF COLUMBIA
```

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| BHI INTERNATIONAL, INC., | ) | Case No. 12-00039 |
| | ) | (Chapter 11) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| BHI INTERNATIONAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 12-10027 |
| HORIZON HILL JEFFERSON | ) | |
| CONDOMINIUM, LLC, | ) | |
| | ) | Not for publication in |
| Defendant. | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION RE HORIZON HILL
JEFFERSON CONDOMINIUM, LLC'S MOTION FOR SUMMARY JUDGMENT

Horizon Hill Jefferson Condominium, LLC has moved for summary judgment under Fed. R. Bankr. P. 7056 and Fed. R. Civ. P. 56. For the reasons that follow, the motion will be granted.

I

BHI International, Inc. ("BHI") alleges that Horizon Hill Jefferson Condominium, LLC ("Horizon Hill") breached a Letter of Intent signed by both parties "when it refused to finalize the

partnership agreement," when Horizon Hill "did not pay the 'soft costs,'" and when Horizon Hill "did not give the plaintiff the benefit of discounted loan." Compl. ¶¶ 17, 19. BHI seeks damages, specific enforcement of the partnership agreement, and a fifty percent ownership interest in the "Jefferson note."

The defendant moves for summary judgment on the basis that no partnership agreement exists between BHI and Horizon Hill. According to Horizon Hill, the Letter of Intent is not an enforceable partnership agreement and no such partnership agreement was ever entered into between the parties.

II

Summary judgment will be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (incorporated by Fed. R. Bankr. P. 7056); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994). Inferences must be drawn in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986); *Tao v. Freeh*, 27 F.3d at 638.

BHI sets forth as genuine issues of material fact four theories for why it is entitled to relief: (1) Horizon Hill breached its fiduciary duty to BHI, (2) promissory estoppel, (3) unjust enrichment, and (4) quantum meruit.

However, labeling an issue as a genuine issue of material

fact does not transform the issue into a factual dispute. What BHI proposes as genuine issues of fact are legal theories that BHI failed to advance in its complaint.[1] As a result, BHI's opposition does not identify any genuine disputes of material fact.

While the movant has the initial burden of showing that there is no genuine issue of material fact, the "party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 256, 106 S. Ct. at 2514. Because BHI has not properly addressed Horizon Hill's statement of material facts, the court will consider those stated facts as undisputed for purposes of the motion for summary judgment. Fed. R. Civ. P. 56(c), (e); DCt.LCvR 7(h);[2] *see also*, *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101

---

[1] The plaintiff has filed a motion for leave to amend its complaint to assert new legal theories, and the court is addressing that motion separately. This decision addresses the motion for summary judgment as to the claims asserted in the original complaint.

[2] District Court Local Civil Rule 7(h), applicable by way of Local Bankruptcy Rule 7056-1, states in part:

> In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.

3

F.3d 145, 151 (D.C. Cir. 1996) ("[A] district court should not be obliged to sift through hundreds of pages of depositions, affidavits, and interrogatories in order to make [its] own analysis and determination of what may, or may not, be a genuine issue of material fact.'") (second alteration in original) (quoting *Twist v. Meese*, 854 F.2d 1421, 1425 (D.C. Cir. 1988)).

Therefore, the court assumes the following facts are admitted by BHI.  BHI owns twenty-one condominium units located in Northwest Washington, D.C. (the "Property").  The defendant, Horizon Hill, is the lender, via assignment, of the mortgage loan secured by the Property.  BHI and Horizon Hill Ventures, LLC discussed entering into a partnership or joint venture in order to retain the Property as a viable development.[3]  Towards that end, BHI and Horizon Hill signed a Letter of Intent dated April 1, 2011 in which they "agreed to the following preliminary terms and conditions with regard to creating a partnership or joint venture . . . for the mutual benefit of each company in order to retain the Property as a viable development[.]"  Movant's

---

[3]  The parties' filings do not explain the relationship between Horizon Hill Jefferson Condominium, LLC and Horizon Hill Ventures, LLC, except to say that Horizon Hill Jefferson Condominium, LLC was formed in June 2011.  For simplicity, I will refer to both as "Horizon Hill."

4

Exhibit 8.[4]  The final paragraph of the Letter of Intent states:

> Prior to the purchase of the Note from either M&T Bank or TPD [third party developer] and not more than ten (10) days following the date hereof, BHI International and Horizon Hill shall in good faith enter into a partnership agreement detailing the terms and conditions herein and any additional customary partnership terms and conditions.

Movant's Exhibit 8.  Although multiple drafts of limited liability company operating agreements were circulated between the parties, no partnership agreement was ever signed.  After executing the Letter of Intent, the parties never came to a mutual agreement as to the terms and conditions of a business relationship.

### III

Having determined that there are no facts that are genuinely disputed, I turn to the issue of whether the parties entered into a valid, binding contract.  Under District of Columbia law, "[f]or an enforceable contract to exist there must be both (1) agreement as to all material terms; and (2) intention of the parties to be bound."  *Jack Baker*, *Inc. v. Office Space Dev. Corp.*, 664 A.2d 1236, 1238 (D.C. 1995) (internal quotation marks omitted) (alteration in original).  The party asserting the

---

[4] The first page of the Letter of Intent in Exhibit 8 is very difficult to read.  Therefore, the court relies on the copy of the Letter of Intent submitted as Exhibit 9 at the hearing on Horizon Hill's motion for relief from the automatic stay in *In re BHI International, Inc.*, Case No. 12-00039 for deciphering that page.  Exhibit 9 is attached to the hearing sheet at Dkt. No. 102.

existence of an enforceable contract bears the burden of proof on that issue, and "[w]here the parties contemplate a subsequent written contract, this burden is particularly onerous." *Jack Baker*, *Inc. v. Office Space Dev. Corp.*, 664 A.2d at 1238; *see also Novecon Ltd. v. Bulgarian-American Enter. Fund*, 190 F.3d 556, 564 (D.C. Cir. 1999).[5]

In the District of Columbia, "parties will not be bound to a preliminary agreement unless the evidence presented clearly indicates that they intended to be bound at that point." *Jack Baker*, *Inc. v. Office Space Dev. Corp.*, 664 A.2d at 1239. Accordingly, the District of Columbia Court of Appeals has held that a letter outlining the terms of an agreement was not a binding contract because the language of the letter clearly indicated that the parties contemplated a later written agreement and therefore did not intend to be bound by the letter. *See Simplicio v. Nat'l Scientific Pers. Bureau, Inc.*, 180 A.2d 500 (D.C. 1962).

The Letter of Intent in this case is similar to the letter in *Simplicio* in that it outlines the terms that the parties

---

[5] Although the Letter of Intent did not specify that the "partnership agreement detailing the terms and conditions [of the Letter of Intent] and any additional customary partnership terms and conditions" was to be in writing, the only reasonable inference was that, like the Letter of Intent, a written agreement was to be prepared. That is evidenced, as well, by the multiple drafts exchanged between the parties. In any event, no partnership agreement, whether written or oral, was ever entered into.

6

contemplated including in a forthcoming, binding partnership agreement.  The Letter of Intent specifically states that it sets forth only "preliminary terms and conditions with regard to creating a partnership or joint venture" and that "all of the terms and conditions herein remain subject to the negotiation with the M&T Bank and/or TPD and the thorough review of the due diligence relating to the Property."  Furthermore, the Letter of Intent states that the parties will subsequently "enter into a partnership agreement detailing the terms and conditions herein and any additional customary partnership terms and conditions."

In determining the intent of the parties to be bound, "'the ultimate issue is whether, by their choice of language . . ., they *objectively* manifested a mutual intent to be bound contractually.'"  *Dyer v. Bilaal*, 983 A.2d 349, 357 (D.C. 2009) (quoting *1836 S Street Tenants Ass'n, Inc. v. Estate of B. Battle*, 965 A.2d 832, 837 (D.C. 2009)).  The language of the Letter of Intent is unambiguous that the parties did not intend for it to be a binding partnership agreement.  The letter is an agreement to enter into a partnership agreement, the preliminary terms of which are outlined in the letter, and which were subject to being modified based on negotiations and the review of due diligence related to the Property.  The parties did not objectively manifest an intent to be bound by the Letter of

Intent.[6]

Moreover, because the terms and conditions in the Letter of Intent are only "preliminary" and are subject to being modified, they are not "sufficiently definite" enough to be enforceable. *Dyer v. Bilaal*, 983 A.2d at 356; *see also Edmund J. Flynn Co. v. LaVay*, 431 A.2d 543, 547 (D.C. 1981) ("To be final, contract negotiations must include all of the terms which the parties intended to resolve; material terms cannot be left to future settlement.").

Under D.C. law, there is no partnership agreement between Horizon Hill and BHI because of the unsettled nature of the terms in the Letter of Intent and the parties' objective intent not to be bound by the Letter of Intent. The Letter of Intent is nothing more than an agreement to agree or a mere proposal. The Letter of Intent "was merely part of the preliminary negotiations looking toward the execution of a contract in writing." *Simplicio v. Nat'l Scientific Pers. Bureau, Inc.*, 180 A.2d at 502. The parties never entered into a partnership agreement, whether oral or written.

IV

Accordingly, there is no genuine dispute of material fact

---

[6] Indeed, in its opposition, BHI appears to agree that the Letter of Intent was not a binding agreement. BHI states: "It must be noted that the parties did not enter an agreement nor was an agreement pending during the initial period of the Letter of Intent." Opposition ¶ 5.

and Horizon Hill is entitled to judgment as a matter of law on all of BHI's claims.  A separate order follows.

                                        [Signed and dated above.]


Copies to: All counsel of record.