**The document below is hereby signed.**

**Dated: August 28, 2012.**



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
             UNITED STATES BANKRUPTCY COURT
              FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
BHI INTERNATIONAL, INC.,       )   Case No. 12-00039
                               )   (Chapter 11)
              Debtor.          )
_____)
                               )
BHI INTERNATIONAL, INC.,       )
                               )
              Plaintiff,       )
                               )
         v.                    )   Adversary Proceeding No.
                               )   12-10027
HORIZON HILL JEFFERSON         )   Not for publication in
CONDOMINIUM, LLC,              )   West's Bankruptcy Reporter.
                               )
              Defendant.       )
```

MEMORANDUM DECISION AND ORDER
GRANTING BHI'S MOTION TO AMEND THE COMPLAINT

BHI International, Inc. ("BHI") filed a motion for leave to amend its complaint under Fed. R. Civ. P. 15 (as incorporated by Fed. R. Bankr. P. 7015) while Horizon Hill Jefferson Condominium, LLC's motion for summary judgment was pending. For the reasons that follow, I will grant BHI's motion.

I

A party may amend its pleading once has a matter of course

within 21 days after serving it, or within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.  Fed. R. Civ. P. 15(a)(1).  Otherwise, Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave" and that the "court should freely give leave when justice so requires."  Accordingly,

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—leave should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  If the proposed claim in the amended complaint would not survive a motion to dismiss, the court may deny the motion to amend the complaint as futile.  *Belizan v. Radin Glass & Co., LLP (In re Interbank Funding Corp. Sec. Litig.)*, 629 F.3d 213, 218 (D.C. Cir. 2010); *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996).  In general, it is the non-movant's burden to persuade the court to deny leave to amend.  *Robinson v. District of Columbia*, —F.R.D.— , 2012 WL 1865416, at *1 (D.D.C. May 23, 2012).

## II

BHI's motion for leave to amend was filed more than 21 days after Horizon Hill Jefferson Condominium, LLC ("Horizon Hill") filed its answer.  Because Horizon Hill does not consent to the

amendment, BHI may amend its complaint only with the court's leave.  The proposed amended complaint alleges four new legal theories: promissory estoppel, breach of fiduciary duty, quantum meruit, and unjust enrichment.  Horizon Hill has filed a memorandum in opposition to the motion for leave to amend arguing that BHI's "claims are objectively futile for a complete lack of evidence" and arguing that granting leave to amend would be unduly prejudicial to Horizon Hill and inappropriate because the motion was filed while Horizon Hill's motion for summary judgment was pending.

Although Horizon Hill claims that granting leave to amend would be futile, Horizon Hill's opposition does not specifically address why any of the four counts in BHI's proposed amended complaint would not survive a motion to dismiss.  Therefore, Horizon Hill has failed to establish futility as a basis for denying leave to amend.

Horizon Hill also claims that it is inappropriate to seek to amend a complaint while a motion for summary judgment is pending.  However, the cases cited by Horizon Hill in support of this argument generally involve motions for leave to amend which were filed late in the litigation process.  *See, e.g., Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 841 (8th Cir. 2004) (affirming the district court's denial of leave to amend the complaint because discovery had closed and the litigation was at an

advanced stage); *Lowe's Home Ctrs., Inc. v. Olin Corp.*, 313 F.3d 1307, 1315 (11th Cir. 2002) (finding that it was not an abuse of discretion for the district court to deny leave to amend the complaint when the motion for leave to amend was designed to avoid an impending adverse summary judgment and was filed following the close of discovery and after the deadlines for amendments and dispositive motions had passed).

In contrast, this adversary proceeding is in the early stages of litigation.  The court has not yet held a status conference or issued a scheduling order.  Moreover, Horizon Hill admits that no discovery has been conducted.  This is not the type of situation where it is inappropriate to grant a motion for leave to amend that was filed while a motion for summary judgment was pending.

In addition, Horizon Hill would not be unfairly prejudiced because the claims in BHI's amended complaint relate to the same Letter of Intent and negotiations for a partnership agreement as were involved in BHI's original complaint.  *See PCH Mut. Ins. Co., Inc. v. Casualty & Sur., Inc.*, 271 F.R.D. 4, 7 (D.D.C. 2010) ("An opposing party may establish sufficient prejudice to warrant the denial of leave to amend by showing that the amendment bears only a tangential relationship to the complaint or changes the character of the litigation . . ..").  Additionally, in this instance, it does not suggest bad faith nor is it prejudicial for

4

BHI to allege different legal theories in its proposed amended complaint.  *Harrison v. Rubin*, 174 F.3d 249, 253 (D.C. Cir. 1999) ("Unless a defendant is prejudiced on the merits by a change in legal theory, . . . a plaintiff is not bound by the legal theory on which he or she originally relied" (internal quotation marks and citation omitted)).

                                III

Accordingly, the court sees no reason to deny leave to amend the complaint.  Therefore, it is

ORDERED that BHI International, Inc.'s motion for leave to amend its complaint (Dkt. No. 26) is GRANTED, and the defendant shall respond to the amended complaint filed on August 10, 2012 (Dkt. No. 28) within 14 days after entry of this Memorandum Decision and Order.


                                        [Signed and dated above.]


Copies to: All counsel of record.