**The document below is hereby signed.**

**Dated: October 2, 2012.**



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
              UNITED STATES BANKRUPTCY COURT
               FOR THE DISTRICT OF COLUMBIA
```

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| BHI INTERNATIONAL, INC., | ) | Case No. 12-00039 |
| | ) | (Chapter 11) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| BHI INTERNATIONAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 12-10027 |
| HORIZON HILL JEFFERSON | ) | |
| CONDOMINIUM, LLC, | ) | |
| | ) | Not for publication in |
| Defendant. | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION RE HORIZON HILL
JEFFERSON CONDOMINIUM, LLC'S MOTION TO DISMISS AMENDED COMPLAINT

Horizon Hill Jefferson Condominium, LLC has moved to dismiss the plaintiff's amended complaint. For the reasons that follow, the motion will be granted.

I

For promissory estoppel to apply, there must be a promise. For reasons set forth in the *Memorandum Decision* addressing Horizon Hill's motion for summary judgment as to the initial

complaint, there was no binding contract between the parties. The terms of the agreement made clear that it was only a letter of intent, with a promise to negotiate in good faith, but not setting forth promises binding on either party.  As in *Bender v. Design Store Corp.*, 404 A.2d 194, 196 (D.C. 1979), the letter of intent made "clear that absent execution of a formal . . . agreement, they intended no binding commitment . . .."  A mere promise to bargain in good faith is not a basis for promissory estoppel.  *Id.  See also Novecon Ltd. v. Bulgarian-American Enter. Fund*, 190 F.3d 556, 565 (D.C. Cir. 1999) (promissory estoppel did not apply to a developer against a proposed financier absent evidence that parties engaged in more than preliminary negotiations).  There was thus no promise to support a promissory estoppel claim.

Moreover, for promissory estoppel to apply, there must be a promise upon which the promisee could reasonably rely.  *Bender*, 404 A.2d at 196.  The letter of intent having made clear that no binding obligations would exist absent execution of a formal agreement, there was no promise upon which BHI International could reasonably rely.  *See Meehan v. U.S. Office Prods. Co. (In re U.S. Office Prods. Co. Sec. Litig.)*, 251 F. Supp. 2d 77, 97-98 (D.D.C. 2003).

II

The claim for breach of fiduciary duty similarly fails.  The

2

complaint fails to set forth any facts (to remove this case from the general rule that there is not a fiduciary relationship between a debtor and a creditor) establishing that a special relationship of trust or confidence existed between the parties. Accordingly, the complaint fails to plead a proper claim for breach of fiduciary duty. *See Williams v. Fed. Land Bank of Jackson*, 954 F.2d 774, 777 (D.C. Cir 1992); *Ellipso, Inc. v. Mann*, 541 F. Supp. 2d 365, 373 (D.D.C. 2008).

III

BHI International asserts a claim for quantum meruit, arguing that it rendered valuable services to Horizon Hill when it negotiated a discount of the existing loan balance and secured a release of lien from both EagleBank and Thrifty Ironworks. Under District of Columbia law, recovery on a claim for quantum meruit requires the following:

> (1) valuable services must be rendered [by the plaintiff]; (2) for the person sought to be charged; (3) which services were accepted by the person sought to be charged, and enjoyed by him or her; and (4) under such circumstances as reasonably notified the person sought to be charged that the plaintiff, in performing such services, expected to be paid.

*Fred Ezra Co. v. Pedas*, 682 A.2d 173, 176 (D.C. 1996) (quoting *TVL Assocs. v. A & M Constr. Corp.*, 474 A.2d 156, 159 (D.C. 1984)); *see also New Econ. Capital, LLC v. New Mkts. Capital Grp.*, 881 A.2d 1087, 1095 (D.C. 2005).

This claim fails because the amended complaint does not

allege any factual circumstances that would have reasonably notified Horizon Hill that BHI International expected to be paid for negotiating a discounted price for the loan and for securing releases of liens.  The complaint merely states that "the plaintiff's performance under the contract required the plaintiff to obtain a discount of the existing loan balance."  To the extent BHI International is referring to the letter of intent when it uses the term "contract", the letter of intent makes no mention of BHI International's obligation to obtain such a discount nor does it mention that BHI International would be paid for performing such a service.  Likewise, the complaint does not set forth any facts that would have reasonably notified Horizon Hill that BHI International expected to be paid for securing releases of liens.  Consequently, BHI International has failed to plead any facts showing that Horizon Hill was reasonably notified that BHI International expected to be paid for its services.

    Moreover, the complaint fails to allege that BHI International reasonably expected to be compensated for the services it rendered while attempting to negotiate a partnership agreement with Horizon Hill.  Instead, BHI International asserts that it made these efforts with the hope of entering into a joint venture with Horizon Hill, not with the hope of compensation for its services.  *See* Amended Compl. ¶ 52 ("In reliance upon the Letter of Intent to form a joint venture, the plaintiff provided

4

a valuable service to the defendant when it secured a 'Release of Lien' . . ..").  "*Quantum meruit* is available where the parties understand and intend that compensation is to be paid, but that is not the case here."  *Cherokee Oil Co., Ltd. v. Union Oil Co. of California*, 706 F. Supp. 826, 830 (M.D. Fla. 1989) *aff'd sub nom. Cherokee Oil Co. v. Union Oil Co.*, 901 F.2d 1114 (11th Cir. 1990); *see also In re Rich*, 337 A.2d 764, 766 (D.C. 1975) ("It is clear that if the services are rendered freely with no expectation of payment, or rendered officiously, quantum meruit is to be denied.").

IV

As its final claim, BHI International seeks recovery under the theory of unjust enrichment.  Unjust enrichment is similar to quantum meruit except that "[a] plaintiff seeking recovery under a quasi-contract theory of unjust enrichment . . . must make one showing not required for recovery under a contract implied in fact: that it would be unjust for the recipient of a benefit to retain that benefit."  *U.S. ex rel. Modern Elec. v. Ideal Elec. Sec. Co.*, 81 F.3d 240, 247 (D.C. Cir. 1996).  A claim for unjust enrichment requires a showing that "(1) the plaintiff conferred a benefit on the defendant; (2) the defendant retains the benefit; and (3) under the circumstances, the defendant's retention of the benefit is unjust."  *News World Commc'ns, Inc. v. Thompsen,* 878 A.2d 1218, 1222 (D.C. 2005).

5

BHI International alleges that it conferred on Horizon Hill the benefit of its services in obtaining the discounted purchase price for the loan and the releases of liens.  However, BHI International has not alleged any facts showing circumstances that make it unjust for Horizon Hill to have retained the benefit of BHI International's services.  *See 4934, Inc. v. Dist. of Columbia Dep't of Emp't Servs.,* 605 A.2d 50, 55 (D.C. 1992) ("Unjust enrichment occurs when a person retains a benefit (usually money) which in justice and equity belongs to another.").

In particular, BHI International has not set forth facts which show that any alleged benefits conferred on Horizon Hill were retained by Horizon Hill at BHI International's expense, thus rendering the retention unjust.  *Bloomgarden v. Coyer*, 479 F.2d 201, 211 (D.C. Cir. 1973) ("[I]n order to recover on a quasi-contractual claim, the plaintiff must show that the defendant was unjustly enriched at the plaintiff's expense, and that the circumstances were such that in good conscience the defendant should make restitution.").  Indeed, BHI International sought a discount on the loan purchase price and releases of liens for its own benefit as well, because it wanted to enter into a partnership with Horizon Hill and retain its property.

Moreover,

> It would appear fundamental that the enrichment is unjust only when the party who has conferred the benefit acted either graciously or altruistically without an obvious, personal motivation to do what he did. . . . When the party conferring the benefit has an obvious, self-serving motivation to perform the action that may have benefitted the other party, it is hard to describe the result to be unfair when the party conferring the benefit had at least as much if not more to gain from the efforts she expended.

*Suess v. FDIC*, 770 F. Supp. 2d 32, 45 (D.D.C. 2011). Here, BHI International's actions were made in pursuit of creating a partnership with Horizon Hill "in order to retain [the property] as a viable development and split proceeds and profits equally." Amended Compl. ¶ 50. Because BHI International performed the alleged beneficial services with the goal of entering into a profitable joint venture, the fact that its efforts also benefitted Horizon Hill does not amount to a claim for unjust enrichment.

BHI International's complaint "does not need detailed factual allegations" to survive the motion to dismiss, but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007). All BHI International has set forth in its complaint is that it conferred a benefit on Horizon Hill. That is not enough to make out a claim for unjust enrichment. The factual allegations must also set forth that Horizon Hill's retention of the benefit,

7

without compensating BHI International, is unjustified.  *See Bloomgarden v. Coyer*, 479 F.2d at 211 (D.C. Cir. 1973).

V

Accordingly, BHI International's amended complaint, construed in the light most favorable to BHI International, does not plead "enough facts to state a claim to relief that is plausible on its face," and the motion to dismiss will be granted.  *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974, 167 L. Ed. 2d 929.  A separate order follows.

[Signed and dated above.]

Copies to: All counsel of record.

8